IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LEON CARMICHAEL, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:14cv619-MHT |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

On July 28, 2014, this court received three *pro se* motions submitted by petitioner Leon Carmichael, Sr. ( Carmichael represents that he filed the motions on June 12, 2014.)   The motions are styled:

- "Motion to Alter or Amend Judgment."

- "Motion to Review and Rectify the Misapplication of the United States Sentencing Guidelines in Light of *Descamps v. United States*, 133 S. Ct. 2276 (2013)."

- "Motion to Supplement Defendant Pleadings Predicated upon *Descamps v. United States*, 133 S. Ct. 2276 (2013)."

Each of these July 28 motions presents arguments that this court's use of Carmichael's prior-pardoned convictions in calculating his criminal-history category under the Sentencing Guidelines,  *see* U.S.S.G. § 4A1.2, cmt. n.10, violates the United States Supreme Court's recent holding in *Descamps v. United States*, ___ U.S. ____, 133 S. Ct. 2276 (2013).  *Descamps* held that sentencing courts may not apply the so-called "modified

categorical approach" to assess whether a prior conviction constitutes a "violent felony" if the crime of which the defendant was previously convicted has a single, indivisible set of elements. ___ U.S. at ____, 133 S. Ct. at 2281-82.

Carmichael was found guilty of conspiracy to possess with intent to distribute more than 3,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and conspiracy to launder the proceeds of the marijuana conspiracy, in violation of 18 U.S.C. § 1956(h). *See United States v. Carmichael ("Carmichael I")*, 560 F.3d 1270 (11th Cir. 2009) (affirming convictions and sentence). It is not apparent to this court how *Descamps* applies to Carmichael's arguments regarding use of his prior-pardoned convictions in calculating his criminal-history category. In any event, if, through his July 28 motions asserting *Descamps* claims, Carmichael is seeking to amend or supplement his initial 28 U.S.C. § 2255 motion he filed in this court in December 2010, it is too late for him to do so, for the court entered a final judgment denying relief in that case on June 5, 2014. *See Carmichael v. United States ("Carmichael II),* 2:10cv1106-MHT, 2014 WL 2535180 (M.D. Ala. 2014) (Thompson, J.). The denial of the § 2255 relief rendered *Carmichael II* final and therefore not subject to amendment. *See Whitaker v. City of Houston*, 963 F.2d 831, 834-35 (5th Cir. 1992).

Nor may these July 28 motions asserting *Descamps* claims be construed as motions to alter or amend the *Carmichael II* judgment under Fed. R. Civ. P. 59(e). Carmichael asserted no *Descamps* claims in *Carmichael II*. A Rule 59(e) motion may not be used to

present arguments that could have been raised prior to judgment. *See Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Indeed, in the habeas context, a Rule 59(e) motion seeking to raise a new substantive ground for relief should be construed as a second or successive habeas application. *See Montes v. United States*, 2012 WL 3778856, at *3 (E.D. Cal. Aug. 31, 2012) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005)).

Where a district court has adjudicated a prior § 2255 motion and entered judgment, a motion asserting a new claim challenging a conviction or sentence is "successive." *See Beaty v. Schriro*, 554 F.3d 780, 783 n.1 (9th Cir. 2009); *Aird v. United States*, 339 F. Supp. 2d 1305, 1309-10 (S.D. Ala. 2004). The instant case is just such a successive request for relief. *See Carmichael v. United States ("Carmichael III"),* Civil Action No. 2:14cv619-MHT (Doc. No. 2). *Carmichael III* arose out of a document titled as a "Motion Alleging a *Peugh v. United States*, 133 S. Ct. 2072 (2013) Violation." (Doc. No. 2). On July 8, 2014, the magistrate judge entered a recommendation that this motion be construed as a second or successive § 2255 motion and that *Carmichael III* be dismissed, because Carmichael filed the motion without first obtaining the required leave from the Eleventh Circuit Court of Appeals. (Doc. No. 5). In a separate opinion and judgment to be entered later today, the court adopts that recommendation. Rather than construing the July 28 motions asserting new *Descamps* claims as a second successive § 2255 motions, this court will treat these motions as attempted amendments to Carmichael's first successive § 2255 motion filed in *Carmichael III* .

Because Carmichael did not obtain leave from the Eleventh Circuit to file a successive § 2255 motion, the court agrees with the magistrate judge's recommendation that it lacks jurisdiction to consider the successive claims filed in *Carmichael III*. *See id.* (Doc. No. 5). Likewise, this court lacks jurisdiction to consider his July 28 attempted amendments to the successive § 2255 motion in *Carmichael III*.

***

Accordingly, it is ORDERED that:

(1) The "Motion to Alter or Amend Judgment" (Doc. No. 15) is denied.

(2) The "Motion to Review and Rectify the Misapplication of the United States Sentencing Guidelines in Light of *Descamps v. United States*, 133 S. Ct. 2276 (2013)" (Doc. No. 16) is denied.

(3) The "Motion to Supplement Defendant Pleadings Predicated upon *Descamps v. United States*, 133 S. Ct. 2276 (2013)" (Doc. No. 17) is denied.

DONE, this 15th day of August, 2014.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE